IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS,

    Plaintiff,

v.                                            CV 09-0337 WPL/DJS

GALLUP MCKINLEY ADULT
DETENTION CENTER ET AL.,

    Defendant(s).

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Nancy Lewis's complaint and motion to proceed *in forma pauperis*.

The affidavit in support of the *in forma pauperis* motion indicates that Lewis is indigent. Therefore, the Court authorizes the filing of the complaint without payment of the filing fee. *See* 28 U.S.C. § 1915(a)(1).

A case that has been filed *in forma pauperis* must be dismissed if it fails to state a claim upon which relief may be granted. *Id.* § 1915(e)(2)(B)(ii). To state a claim upon which relief may be granted, a complaint must contain sufficient facts to make a claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. When, as here, a plaintiff is proceeding *pro se*, the complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

The caption of Lewis's complaint names the Gallup McKinley Adult Detention Center "et al" as defendants. (Doc. 1 at 1.) In the body of the complaint, Lewis asserts that "the Defendant and

possibly others" violated her right to due process when she was incarcerated at the Detention Center. (*Id.*)

The complaint alleges that, based on outstanding warrants from Georgia, Lewis was arrested by Española Police Officer Jeremy Apodaca, was arraigned by Española Magistrate Judge Joseph Madrid, and signed a waiver of extradition. After she had been incarcerated for thirty days, Captain John Greene, the officer in charge of transportation and court liaison at the Detention Center, investigated why Lewis had not been transferred to Georgia. The Georgia authorities told Greene that they had not been notified that Lewis was in custody and that they had no intention of extraditing her in any event. Lewis was released from the Detention Center thirty-nine days after being arrested.

Subsequent to her release, Lewis learned that the District Attorney's Office for the First Judicial District in New Mexico actually had notified Sergeant Stanley Christian of the Dekalb County, Georgia, Sheriff's Department that she was in custody. Although Sergeant Christian initially denied that he received the paperwork, he later found it on his desk.

The complaint also alleges that a *pro bono* attorney, Donna Lynch, informed Lewis that the Georgia warrants were for misdemeanors. Lewis states that it is her understanding that "accused persons may not be extradited on misdemeanor charges nor can their Social Security benefits be discontinued on misdemeanor warrants, as was done to Plaintiff nearly two years ago." *Id.* at 2.

The complaint does not contain a request for relief.

The complaint fails to state a claim upon which relief can be granted because the only defendant named in the caption—the Gallup McKinley Adult Detention Center—is not a suable entity. *See White v. Utah*, 5 F. App'x 852, 852-53 (10th Cir. 2001) (holding that the Salt Lake County Jail is not a suable entity). Even if the complaint were construed to be against the

governmental entity that operates the Detention Center, it still fails to state an actionable claim. To state a claim under § 1983 against a local government entity, a plaintiff must allege that the entity executed a policy or custom that caused her to suffer a deprivation of constitutional or other federal rights. *See Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009). Lewis's complaint does not mention any policy or custom that caused her right to due process to be violated.

Although the caption uses the term "et al" and the body of the complaint states that "possibly others" deprived Lewis of due process, the complaint does not reveal who the other potential defendants are. *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) ("Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."). The complaint names several individuals, but it is not clear whether Lewis believes that any of these individuals violated her due process rights.

For these reasons, Lewis's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. However, because it may be possible for Lewis to cure the complaint's deficiencies, the complaint will be dismissed without prejudice.

IT IS THEREFORE ORDERED that the motion to proceed *in forma pauperis* is granted, and the complaint is dismissed without prejudice.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE